LANDRY, Judge.
Applicant, E. A. Rodrigue, President of Louisiana Power & Light Company (L. P. & L.), invokes the supervisory jurisdiction of this court to review a judgment of the trial court denying his motion for a jury trial in a contempt proceeding instituted against applicant and L. P. & L. for failure to comply with a judgment of the trial court affirming an order of the Public Service Commission which directed L. P. & L. to furnish electric current to a certain apartment complex. We dismiss the application upon finding that applicant’s motion for jury trial was not timely filed in the court below.
The facts are undisputed. Pursuant to a petition filed by Messrs. White and Hill, the Louisiana Public Service Commission (Commission) directed L. P. & L. to service Elmwood Plantation Apartments, owned by White and Hill, with electric current. On review, pursuant to petition by L. P. & L. to the Nineteenth Judicial District Court, the Commission’s order was upheld, which decision was in turn affirmed on appeal to the Supreme Court of Louisiana, 256 La. 656, 237 So.2d 673. Subsequently, on or about September 10, 1970, on motion by White and Hill, the Commission ruled L. P. & L. to show cause why said corporation should not be held in contempt for failure to comply with the Commission’s order to furnish the service. While said rule was pending before the Commission, Messrs. White and Hill instituted proceedings in the Nineteenth Judicial District Court, East Baton Rouge Parish, which ruled L. P. & L. and its President, E. A. Rodrigue, to show cause why said parties should not be held in contempt of court for failure to comply with the judgment of the court affirming the Commission’s order. On November 9, 1970, both L. P. & L. and Rodrigue filed oppositions to the rule to show cause issued by the trial court. On November 23, 1970, the rule to show cause was tried in the lower court, resulting in judgment overruling exceptions filed by L. P. & L. Rodrigue thereupon moved for a jury trial of the contempt proceeding against him. The trial court held that in effect the contempt proceeding is an attempt to establish an alleged constructive contempt and is therefore a matter triable by summary process. The trial court then denied the motion for jury trial on the premise that jury trials are not permitted in summary proceedings.
Applicant’s brief devotes considerable time to the contention that applicant was not a party to the original hearing before the Commission, and is therefore not prop *298 erly before the court in these contempt proceedings. Applicant also cites numerous federal authorities in support of the contention that he is entitled of right to a jury trial herein.
Insofar as our procedural rules are concerned, the matter must be resolved in the light of LSA-C.C.P. art. 1732 which states:
“A party may demand trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.”
We note that our Article 1732, above, is apparently patterned upon Federal Civil Rule 38(b), which likewise provides that a demand for a jury trial must be served upon the opposing party not later than ten days after service of the last pleading directed to the issue sought to be tried by jury. In interpreting Rule 38(b), the Federal Courts have held in effect that where trial by jury exists as a matter of right, request therefor must be made in accordance with the provisions of the rule. Thus in Brunwasser v. Suave, 4 Cir., 400 F.2d 600, certiorari denied 393 U.S. 1083, 89 S. Ct. 868, 21 L.Ed.2d 777, the court held that since plaintiff did not timely demand a jury trial, it was unnecessary to determine whether the issue raised by the motion for jury trial was one triable of right by jury.
We are in complete agreement with the cited authority. In the case at hand, applicant’s answer to the rule to show cause was filed November 9, 1970, and was served on movant on that same day. The motion for jury trial was not filed herein until November 23, 1970. Applicant’s answer was the last pleading filed in the instant matter. It follows that the motion for jury trial was untimely and was therefore properly denied by the trial court. LSA-C.C.P. art. 1732.
The judgment of the trial court is correct. Writ denied at relator’s cost.